IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-rj-00020-NONE-CBS

UNITED STATES OF AMERICA,
    Plaintiff,
v.

ROBERT F. MIMMACK,
    Defendant,

ORDER

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Plaintiff's Motion, pursuant to Fed. R. Civ.P. 37(a)(3)(B), to Compel Answers to Plaintiff's Set of Interrogatories and Requests for Production of Documents.

This action began in October 2012 when the U.S. Attorney's Office registered a judgment entered against Robert F. Mimmack by the Superior Court of the State of Arizona in and for the County of Yavapai, Case No. CV2008-1223 – Default Judgment, *American Education Services, a division of Pennsylvania Higher Education Assistance Agency, an agency of The Commonwealth of Pennsylvania v. Robert F. Mimmack, an unmarried man*. The United States, as assignee, is charged with collecting on the monetary judgment R. Mimmack owes. On February 18, 2013, an Order was signed substituting the USA in place of American Education Services in Case No. CV2008-1223. Pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), on December 6, 2013, the United States served post-judgment discovery requests consisting of 16 interrogatories and 20 requests for production of documents on Mr. Mimmack to determine his financial condition. *See* "The United States' Set of Interrogatories and Request for Production of Documents" (Doc. # 6-1 at 3-24 of 24); 28 U.S.C. § 3015(a) (stating that in an action seeking post-judgment remedies, "the United States may have discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil

Procedure in an action on a claim for a debt"); Fed. R. Civ. P. 33, 34 and 69. The interrogatories and request for production were mailed by certified mail, with return receipt requested. On December 13, 2013, the United States received the return receipt, indicating that Mr. Mimmack received the package containing the discovery requests. Mr. Mimmack failed to respond to any of the discovery requests.

The United States also attempted to confer in good faith with Mr. Mimmack. On March 5, 2014 the undersigned sent a letter to Mr. Mimmack, stating that his discovery responses were late and requested that he provide answers to the discovery requests on or before March 20, 2014. (See Doc. # 6-1 at 1 of 24). The undersigned did not receive a response to the March 5 letter.

Pursuant to Fed. R. Civ. P. 37(a)(3)(B), a party may move to compel answers to interrogatories or responses to request for production, provided the moving party has in good faith conferred or attempted to confer with the party resisting discovery. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 954 (10th Cir. 2002) (ruling that where a party unfairly avoids discovery, recourse is a motion to compel under Rule 37). Failure to respond may subject the delinquent party to sanctions. *See* Fed. R. Civ. P.37(d). Further, by failing to timely respond to the discovery requests, Mr. Mimmack he has waived all objections and cannot establish good cause to excuse his failure. Fed. R. Civ. P. 33(b)(4); *Starlight Int'l, Inc. v. Herliby*, 181 F.R.D. 494, 496-97 (D. Kan. 1998) (stating that good cause requires "some showing of 'good faith of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified' is normally required") (quoting *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10h Cir. 1996)).

Accordingly, IT IS ORDERED that:

1. Plaintiff's Motion to Compel Answers to Plaintiff's Set of Interrogatories and Requests for Production of Documents (filed April 24, 2014) (Doc.# 6) is GRANTED.

2.      Mr. Mimmack shall fully respond to Plaintiff's Interrogatories and Request for Production of Documents on or before June 23, 2014. Any objections to the Interrogatories and Request for Production of Documents are deemed waived.

3.      Failure to comply with this Order may result in additional sanctions being imposed.

Dated at Denver, Colorado this 29th day of April, 2014.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge